NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2114
_____

JOHN DOE; JOHN DOE 1,
Appellants

v.

SIZEWISE RENTALS, LLC; TREVER FRICKEY; TIM MCCARTY; JOYCE SKLAR;
AMY SZTEJMAN; CORD MEYER; STEVE ATEN; CHRIS TANNER; SCOTT
TWEEDDALE; ARBOR GLEN CENTER GENESIS HEALTHCARE; NATALIE
BRYSON; NANCY GUTHARIE; LARRY ASKEW; CHRISTINE UNREIN;
JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-03409)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2013
Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: July 18, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellants John Doe and John Doe-1 filed suit against Appellee Sizewise

Rentals, Inc. ("Sizewise") and eleven of its employees, as well as its customer Arbor

Glen Center, and its employee Natalie Bryson, alleging discriminatory discharge, hostile work environment, and retaliation under 42 U.S.C. §§ 1981, 1985 and 1986. The District Court dismissed all but one claim pursuant to Fed. R. Civ. P. 12(b)(6), and granted summary judgment on the remaining claim. This appeal ensued. We will affirm.

Doe is a self-described "Egyptian Muslim" and Doe-1 is a "Muslim from Turkey." As an Account Associate with Sizewise, Doe was employed to transport, deliver, and demonstrate medical equipment to hospitals and nursing homes. On his recommendation, Sizewise hired Doe-1 in November 2008. Within his first six months of employment, Doe-1 was involved in four accidents while driving a Sizewise vehicle. He was terminated from Sizewise in April 2009.

In an e-mail written on June 10, 2009, Doe accused Appellee Joyce Sklar, a Sizewise Regional Manager, of racial discrimination in the termination of Doe-1. He subsequently reiterated this complaint in a phone call to Sklar, accusing her of "terminat[ing Doe-1] because he's Muslim and you are Jewish." His claim was investigated by Sizewise and found to be unsubstantiated. On July 2, 2009, Sizewise received a complaint from Bryson alleging that, while on a delivery for Sizewise to Arbor Glen Center, Doe engaged in inappropriate sexual conduct. On July 7, 2009, Doe was "involuntarily terminated" by Cord Meyer, Sizewise's Regional Operation Manager.

Appellants filed a complaint[1] setting forth claims for, inter alia, discrimination, discriminatory discharge, and retaliation. Specifically, they alleged that Sizewise

---

[1] The District Court recognized that the operative complaint, the third amended complaint, incorporated allegations in the second amended complaint.

employees conspired "to terminate minorities with fabricated causes, to hire incompetent white supervisors with lack of experience or proven track record, and to persecute the minority workers who attempt to adhere to the thorough rules of safe repair and disinfection of the rental medical equipments." They also alleged that Sizewise managers "abused, harassed and discriminated against minority workers" and "pursued harsh discriminatory demands on [Doe and Doe-1] in the form of working long and tough shifts while relieving the newly hired white employees." The District Court determined that Appellants had failed to state a claim for relief with respect to all but one claim and, after a period of discovery, granted summary judgment for Sizewise and Sklar on Doe's remaining retaliation claim.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss is plenary. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face" by allowing a "reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The complaint need not contain "detailed factual allegations," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Id. We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

We address first Appellants' argument that the District Court abused its discretion in vacating an earlier order permitting them to proceed pseudonymously. We agree with the District Court that Appellants did not demonstrate "a reasonable fear of severe harm." See Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). Accordingly, they were not entitled to this exceptional protection. See Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008).

Appellants argue that Sizewise, Joyce Sklar, Amy Sztejman, and Cord Meyer (collectively "Sizewise defendants")[2] discriminated against them in violation of § 1981, which prohibits race discrimination in the making and enforcing of contracts. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 562 (3d Cir. 2002) ("§ 1981 provide[s] a private cause of action for intentional discrimination only."). To establish a § 1981 claim, a plaintiff must prove that he is a member of a racial minority and that the defendant had the intent to discriminate on the basis of race. See Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). As the District Court noted, the complaint does not specifically identify Appellants' race; rather, it refers to their religion (Muslim) and national origin, which alone are insufficient to qualify for § 1981 protection. See Saint

---

[2] Appellants failed to raise in their brief the dismissal of the discrimination claim against Bryson and Arbor Glen, as well as the dismissal of the complaint as to the remaining named defendants for failure to serve. Accordingly, these issues are waived on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (failure to raise an issue in an opening brief waives the issue on appeal).

4

Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987).  Nevertheless, the District Court concluded that other allegations in the complaint could arguably "be construed as alleging that Plaintiffs consider themselves black" and, therefore, were sufficient to demonstrate that they were members of a protected class.

Appellants had baldly asserted, inter alia, that Sklar executed "racial plots," "favored non-minority employees," and, along with Sztejman, "persecuted" them "along with other Hispanics and Blacks."  When these conclusory allegations are viewed in light of the factual context of the complaint, which Appellants were permitted to amend three times, it is clear that dismissal of the claims was proper.  See Iqbal, 556 U.S. at 686-87 (2009).  The complaint is replete with details of a workplace where Appellants, particularly Doe, felt undervalued and overworked, and where Doe-1 was allegedly undertrained.  It is devoid, however, of factual allegations indicating that Sizewise defendants acted with any racially discriminatory animus against Appellants.  Because Appellants failed to allege sufficient factual content to "'nudg[e]' [their] claim of purposeful discrimination 'across the line from conceivable to plausible,'" it could not survive a motion to dismiss.  Id. at 683.

Appellants' discriminatory discharge claim is similarly deficient.  To assert a prima facie case of discriminatory discharge, a plaintiff must allege that: (1) he is a member of a protected group; (2) he is qualified for the position; (3) he was subject to an adverse employment action; and 4) other similarly situated individuals not in the protected group received better treatment.  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.

1994). The District Court rejected the discriminatory discharge claim because Appellants had not shown that similarly qualified persons filled their positions and because the factual basis for the complaint was insufficient. We agree with the District Court on both of these points.

Doe complains on appeal that the Sizewise defendants retaliated against him by terminating him and hiring Meyer, who he maintains was less qualified. Doe's argument mistakenly conflates his discriminatory discharge and retaliatory discharge claims. Moreover, Meyer's position with Sizewise was entirely different than that from which Doe was terminated. Furthermore, Appellants failed to alleged specific facts which would give rise to the inference of discrimination. Some of the allegations were belied by the complaint itself. For example, the complaint conclusorily states that "all employees discharged by Defendant Sklar were minority workers," despite the fact that the previously amended complaint had indicated that a white employee (Robert Glade) had been fired at the insistence of Doe. The factual allegations indicate that Doe-1's four accidents and the sexual misconduct complaint against Doe were the likely bases for their dismissals; there were no facts which would plausibly support the claim that they were discharged on the basis of race. See Iqbal, 556 U.S. at 681-82 (noting that a claim is not plausible where, after accepting the factual allegations as true, an "obvious alternative explanation" appears a "more likely" cause of the complained behavior than that which plaintiff asks the court to infer) (citation omitted).

Doe argues that the District Court improperly granted summary judgment on his

retaliation claim against Sizewise and Sklar. To establish a prima facie case for retaliation, Doe had to show that "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." Estate of Oliva v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010). Doe alleged he engaged in protected conduct when he accused Sklar of terminating Doe-1 on the basis of race. The District Court concluded that Doe's accusations were based on religious, rather than racial discrimination, and were therefore non-cognizable under § 1981. See Saint Francis Coll., 481 U.S. at 613 (noting that § 1981 forbids "racial" discrimination). The District Court also found that there was no causal connection between Doe's complaint of discrimination and his termination from Sizewise, the third prong essential to making a prima facie case. In so finding, the District Court rejected Doe's argument based on "temporal proximity." The District Court therefore held that Doe had failed to make a prima facie case of retaliation under § 1981.

The District Court then held that, even if it were to assume Doe had established a prima facie case, Sizewise had a legitimate, non-discriminatory reason for terminating Doe's employment, and summary judgment was warranted on this basis as well.

We agree that Doe did not make out a prima facie case of retaliation.

We agree with the District Court, moreover, that even if he had established a prima facie case, it is clear that Sizewise and Sklar put forth legitimate, non-retaliatory reasons for his termination which he has failed to rebut. See Stewart v. Rutgers, 120 F.3d

7

426, 432 (3d Cir. 1997) (noting that courts analyze § 1981 claims under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Bryson's complaint against Doe accusing him of inappropriate sexual conduct was sufficient grounds for dismissal.  Moreover, Doe was found to be insubordinate after Sizewise's investigation determined that his accusations of racial discrimination against Sklar were baseless.  Doe has failed to present evidence to suggest that these stated reasons were pretext for retaliation.  Accordingly, summary judgment on Doe's retaliation claim was proper.[3]

    For the foregoing reasons, we will affirm.  Appellees' motions to accept a noncompliant filing and to supplement the appendix are granted.

---

[3] Because we conclude that there is no genuine controversy as to whether Doe's termination was retaliatory, we need not address the issue of Sklar's individual liability.